UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICHARD SPILKER,

    Plaintiff,

-VS-                                    CASE NO.:

DIVERSIFIED ADJUSTMENT SERVICE,
INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Richard Spilker, by and through the undersigned counsel, and sues Defendant, DIVERSIFIED ADJUSTMENT SERVICE, INC., (hereinafter "Defendant"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

### Introduction

1.    This is an action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

2.    The TCPA was enacted to prevent companies like Defendant from invading American citizens' privacy and to prevent abusive "robocalls."

3. The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30,821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1256 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one consumer complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015).

6. As the Seventh Circuit Court of Appeals wrote: "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious." *Patriotic Veterans v. Zoeller*, 845 F.3d 303, 305-06 (7th Cir. 2017).

**Jurisdiction, Venue and Parties**

7. This Court has original jurisdiction over Plaintiff's claims arising under the TCPA and FDCPA pursuant to 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, as the state law claim arises out of a common nucleus of operative fact, and forms part of the same case or controversy.

9. Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Florida, this suit arises out of Defendant's specific conduct with Plaintiff in Florida, and Plaintiff was injured in Florida.

10. Venue is appropriate in the United States District Court for the Middle District of Florida, Ocala Division, pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiff's claims occurred in Marion County, Florida.

11. Plaintiff is a natural person, and resident of the State of Florida, residing in Marion County, Florida.

12. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

13. Plaintiff is an "alleged debtor."

14. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

15. Defendant is a corporation which was formed in Minnesota with its principal place of business located at 600 Coon Rapids Blvd., Coon Rapids, Minnesota 55433 and which conducts business in the State of Florida through its registered agent, CT Corporation System located at 1200 South Pine Island Rd., Plantation, Florida 33324.

16. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute § 559.55(6).

17. Defendant is a "creditor" as defined in Florida Statute § 559.55(5).

18. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(5).

19. The debt that is referenced in this Complaint is a "consumer debt" as defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

20. Defendant called Plaintiff on Plaintiff's cellular telephone approximately eighty (80) times in an attempt to collect a debt.

21. Defendant attempted to collect an alleged debt from the Plaintiff by this campaign of telephone calls.

22. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

23. Some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an

artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").

24. Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he heard a pause followed by a "beep" when he answered his telephone before a voice came on the line and from Defendant.

25. Plaintiff believes the calls were made using equipment which has the capacity to store numbers to be called and to dial such numbers automatically.

26. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (414) ***-3547, and was the called party and recipient of Defendant's calls.

27. Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone (414) ***-3547 in an attempt to collect a debt.

28. Upon receipt of the calls from the Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following telephone number: (844) 735-9449.

29. On several occasions over the last year, Plaintiff instructed Defendant's agent(s) to stop calling his cellular telephone.

30. On or about April of 2018, Plaintiff communicated with Defendant from his aforementioned cellular telephone number and instructed Defendant's agent to cease calling.

31. Specifically, Plaintiff told Defendant's agent/representative: "please quit calling me, I'll pay you as soon as I can."

32. Later on in 2018 Plaintiff asked Defendant's agent/representative to "please give me a few months; my wife is in the hospital."

33. The calls continued.

34. Even after Plaintiff told Defendant's agent/representative that "I have a terminal illness, give me a little time", Defendant's calls continued with the sole purpose of harassing the Plaintiff.

35. Defendant has a corporate policy to use an automatic telephone dialing system to call individuals just as it did to the Plaintiff's cellular telephone in this case.

36. Defendant has a corporate policy to use an automatic telephone dialing system to call, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

37. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant they wish for the calls to stop.

38. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

39. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

40. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call the consumers.

6

41. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

42. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

43. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

44. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

45. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

46. From each and every call without express consent placed by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular telephone by unwelcome calls, making the telephone unavailable for legitimate callers or outgoing calls while the telephone was ringing from Defendant's call.

47. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he had repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of

Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

48. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

49. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

50. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone where a voice message was left which occupied space in Plaintiff's telephone or network.

51. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular telephone and his cellular telephone services.

52. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, and exacerbation of medical ailments.

## COUNT I
### (Violation of the TCPA)

53. Plaintiff fully incorporates and re-alleges paragraphs one (1) through fifty-two (52) as if fully set forth herein.

54. Defendant knowingly and/or willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

55. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against DIVERSIFIED ADJUSTMENT SERVICE, INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

56. Plaintiff fully incorporates and re-alleges paragraphs one (1) through fifty-two (52) as if fully set forth herein.

57. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

58. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

59. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

60. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against DIVERSIFIED ADJUSTMENT SERVICE, INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT III
### (Violation of the FDCPA)

61. Plaintiff fully incorporates and re-alleges paragraphs one (1) through fifty-two (52) as if fully set forth herein.

62. At all times relevant to this action Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

63. Defendant has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

64. Defendant has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

65. Defendant has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against DIVERSIFIED ADJUSTMENT SERVICE, INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Jason R. Derry, Esquire*
Jason R. Derry, Esquire
Florida Bar No.: 0036970
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 257-0577
jderry@ForThePeople.com
jkneeland@ForThePeople.com
*Attorney for Plaintiff*